CONTE C. CICALA, State Bar No. 173554
*conte.cicala@clydeco.us*
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

MATTHEW T. DRENAN, State Bar No. 302477
*matt.drenan@clydeco.us*
CLYDE & CO US LLP
301 E. Ocean Boulevard
Long Beach, California 90802
Telephone: (562) 317 3300
Facsimile: (562) 317 3399

Attorneys for Plaintiff
MITSUI O.S.K. LINES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD. ,<br><br>Plaintiff,<br><br>v.<br><br>SWISS SHIPPING LINE S.A.L.,<br><br>Defendant. | Case No. 3:17-cv-3394<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff MITSUI O.S.K. LINES LTD. ("MOL") alleges as follows:

**<u>JURISDICTION</u>**

1. This is a suit for unpaid freight and charges pursuant to a maritime service contract, and comprises an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1333(1). This claim also presents a federal question under 46 U.S.C. § 40101, *et seq.*

2. Personal jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(2), as this suit arises under federal law, against foreign Defendants none of whom are subject to the jurisdiction of any state court. Therefore, this Court's exercise of personal jurisdiction under

Federal Rule of Civil Procedure 4(k)(2) comports with the due process requirements of the United States Constitution.

**INTRADISTRICT ASSIGNMENT**

3. This District includes the Port of Oakland where MOL transports cargo by ocean vessel. It is therefore proper to assign this action to the San Francisco or Oakland Division of this Court.

**THE PARTIES**

4. Plaintiff MOL is now and at all times material herein a corporation duly organized under the laws of Japan. Plaintiff was, and still is, an ocean common carrier of goods for hire, and properly published tariffs and/or filed service contracts for the transportation of goods of the type and between the ports or areas as hereinafter alleged.

5. Defendant SWISS SHIPPING LINE S.A.L. ("SWISS SHIPPING") is, on information and belief, a foreign business entity organized and existing under the laws of a foreign nation.

6. Upon information and belief, and at all times material hereto, Defendant was a foreign Non Vessel Operating Common Carrier ("NVOCC") registered with the Federal Maritime Commission ("FMC").

**GENERAL ALLEGATIONS**

7. On or about September 1, 2012, Plaintiff and Defendant entered into FMC Service Contract MOL-147 ("S/C"), which subsequently expired on December 31, 2015.

8. Under the S/C, SWISS SHIPPING agreed to ship a minimum of 1,000 units per voyage, and further stipulated under the contract to pay $300.00 per unit in "dead freight" for failure to meet that obligation.

9. Clause 4 of the S/C titled "MINIMUM QUANTITY OR PORTION" ("MQC") obligates SWISS SHIPPING, an NVOCC "shipper," to ship "1,000 Units per Voyage."

10. Clause 7 describes the damages for failure to meet such obligation: "both parties agree that should Shipper fail to meet the minimum volume commitment as specified in Term 4, it shall pay the Carrier as liquidated damages in the amount of $300.00 per unit."

11.     SWISS SHIPPING was collectively short 3,466 units over the course of eleven (11) voyages between July 2013 and October 2015 at $300.00 in liquidated damages per unit. SWISS SHIPPING has been invoiced for the same, and has failed to pay the total amount due, which totals $1,039,800.00.

## CLAIM FOR RELIEF

### (Breach of a Maritime Contract)

12.     MOL repeats and realleges each and every allegation contained in paragraphs 1 to 11 herein with the same force and effect as if set forth at length.

13.     Pursuant to the S/C and otherwise, Defendant agreed and otherwise became bound to ship a minimum of 1,000 units per voyage. SWISS SHIPPING was collectively short 3,466 units over the course of eleven (11) voyages between July 2013 and October 2015, and therefore failed to meet the MQC commitments under the contract.

14.     SWISS SHIPPING further stipulated under the contract to pay $300.00 per unit in "dead freight" for failure to meet such MQC commitments. SWISS SHIPPING has been invoiced for the same, and has failed to pay the total amount due, which totals $1,039,800.00.

15.     These damages are calculated as follows: 3,466 units (in dead freight) x $300.00 (liquidated damages per unit of dead freight) = $1,039,800.00.

16.     Defendant, by virtue of its breaches, is responsible to pay damages in the amount provided by the contract, presently calculated to equal $1,039,800.00. Despite due demand by Plaintiff, Defendant has failed and refused to pay the above amount due to Plaintiff.

17.     Plaintiff has performed each and all of its obligations, actual and implied, arising pursuant to its contracts with Defendant and imposed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MOL prays as follows:

1.     For damages in the amount according to proof, but in no event less than US $1,039,800.00 and interest thereon at the legal rate;

2.     For all costs of suit, attorney fees and other expenses herein incurred;

3.     For such and other relief as the Court may deem proper.

1 | Dated: June 12, 2017          CLYDE & CO US LLP

                           By:    */s/ Conte C. Cicala*
                                  Conte C. Cicala
                                  Matthew T. Drenan
                                  Attorneys for Plaintiff
                                  MITSUI O.S.K. LINES, LTD.