UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SWISS SHIPPING LINE S.A.L.,<br><br>    Defendant. | Case No. 17-cv-03394-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 42 |

## INTRODUCTION

Pending before the Court is Defendant Swiss Shipping Lines S.A.L.'s (SSL) Motion to Dismiss the Second Amended Complaint (SAC). Mot., Dkt. No. 42. Plaintiffs Mitsui O.S.K. Lines, Ltd. (MOL) and Mitsui O.S.K. Bulk Shipping (USA) (MOL ACE) filed an Opposition (Dkt. No. 51) and SSL filed a Reply (Dkt. No. 52). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 8, 2018 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS SSL's** Motion for the following reasons.

## PROCEDURAL BACKGROUND & FACTUAL ALLEGATIONS

SSL accurately summarizes the procedural background of this maritime dispute, and this Court's previous order granting in part SSL's motion to dismiss. *See* Mot. at 6; *see also* First Am. Order, Dkt. No. 37.

MOL is an ocean common carrier of goods for hire. SAC ¶ 4, Dkt. No. 38. SSL is a foreign business entity and was a foreign Non Vessel Operating Common Carrier (NVOCC) registered with the Federal Maritime Commission (FMC). *Id.* ¶¶ 9-10; *see also id.* at ¶ 10 (SSL canceled its FMC bond on April 23, 2017). On or about September 1, 2012, MOL and SSL

entered into FMC Service Contract MOL-147. *Id.* ¶ 11. MOL ACE executed negotiated and executed the Service Contract on behalf of MOL. *Id.* ¶¶ 8, 17-19.

The Service Contract was amended 16 times thereafter; the final amendment was executed on June 2, 2015, to extend the duration of the contract until December 31, 2015. *Id.* ¶¶ 12-13. The Service Contract,

> as amended, adopts and incorporates by reference MOL's tariffs of general applicability, including Essential Terms Publication FMC No. 242 ('MOLU-242'). As duly published tariffs of an FMC-registered VOCC, MOL's tariffs are binding and applicable to all entities who utilize MOL's services as a common carrier to and from the United States, including Defendant. In addition, MOL's shipments were documented and carried pursuant to bills of lading, which forms include or incorporate by reference the terms and conditions attached hereto as Exhibit A.

*Id.* ¶ 14 & Ex. A (Section 28, Law and Jurisdiction, states in relevant part that "[a]ny action by the Carrier [MOL] to enforce any provision of this Bill of Lading may be brought before any court of competent jurisdiction at the option of the Carrier); *see also id.* ¶ 15 (Service Contract clause 10, as amended, states the parties agree the general rules of MOLU-242 are incorporated in contract as though fully set forth therein). Rule 8 of MOLU-242 refers the reader to FMC-243 (MOLU-243) "[f]or terms and conditions pertaining to specific Essential Terms" contained in MOLU-242. *Id.* ¶ 16.

Under the Service Contract, SSL agreed to ship a minimum of 1,000 units per voyage and pay $300 in "dead freight" per unit under that quantity. *Id.* ¶¶ 20-21. Plaintiffs allege SSL was short 3,466 units over the course of eleven voyages between July 2013 and October 2015 at $300.00 in liquidated damages per unit. *Id.* ¶ 23. Plaintiffs further allege SSL has been invoiced and has failed to pay the total amount due, which is $1,039,800.[1] *Id.*

Based on these allegations, Plaintiffs assert a claim for breach of maritime contract, and request $1,039,800 in damages. *Id.* ¶¶ 24-29.

## LEGAL STANDARD

Rule 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. The plaintiff

---

[1] The damages are calculated by multiplying 3,466 units (in dead freight) by $300.00 (liquidated damages per unit of dead freight), totaling $1,039,800.00.

2

bears the burden of establishing that the court has jurisdiction over the defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Where no evidentiary hearing is held to determine the existence of personal jurisdiction, Plaintiff must "make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). To make this showing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [plaintiff's] favor." *Love*, 611 F.3d at 608; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (in considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff). Otherwise, a defendant could prevent a plaintiff from meeting his burden simply by contradicting the plaintiff's affidavits. *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

## DISCUSSION

The sole issue before the Court is whether the SAC alleges facts sufficient to show SSL is subject to specific personal jurisdiction in this Court by virtue of a choice of law and jurisdiction provision that is incorporated by reference into the parties' Service Contract. *See* Mot.; *see also* SAC ¶ 2 (SSL consented to be sued "'in any court of competent jurisdiction' at MOL's option as agreed in the applicable Service Contract as amended, tariffs, and bills of lading[.]").

The Court previously found MOL had failed to establish SSL consented to the personal jurisdiction of this Court based on the choice of jurisdiction provision in MOLU-243:

> Plaintiff argues that jurisdiction in this Court is proper and exists over SSL based on the terms of the Service Contract. The 2015 Service Contract incorporates MOL tariff MOLU-242, which in turn incorporates MOLU-243. *Id.*; *see* 2015 Service Contract § 10; MOLU-242; MOLU-243. Rule 8(28) of MOLU-243 provides that "[a]ny action by the Carrier, the owner or demise charterer of the Vessel or [MOL], to enforce any provision of this Bill of Lading may be brought before any court of competent jurisdiction at the option of the Carrier." The terms of the operative bills of lading state "[a]ny action by the Carrier to enforce any provision of the Bill of Lading may be brought before any court of competent jurisdiction at the option of the Carrier." *Id.* Plaintiff avers that by contract, SSL has consented to the jurisdiction of "any court of competent

jurisdiction," meaning any court with subject-matter jurisdiction over the dispute "per the Service Contract, tariffs and sea waybills." ([C]iting *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 560-61 (2017) (interpreting the phrase "any court of competent jurisdiction" to mean "a court with a grant of subject-matter jurisdiction covering the case before it.")).

. . . [T]he FAC incorporates by reference a Service Contract executed in 2012, and Mr. Semsel does not establish the 2015 Service Contract is identical in all material terms to the contract originally executed by the parties. Nor, in light of the parties' redactions, can the Court determine as much. The Court thus cannot find Rule 8(28) of MOLU-243 is applicable here.

First Am. Order at 8-9 (internal citations omitted).

In the SAC, Plaintiffs continue to allege the last-amended version of the service contract (i.e., the 2015 Service Contract) adopts and incorporates by reference MOLU-242 and MOLU-243. SAC ¶¶ 13-16. The SAC does not attach either MOLU-242 or MOLU-243; however, SSL provides copies of MOLU-242 and MOLU-243. *See* Tamulski Decl., Ex. 3 (MOLU-242) & Ex. 5 (MOLU-243), Dkt. No. 44. MOLU-242 became effective December 16, 2015. MOLU-243 became effective December 21, 2015. The eleven voyages which are the subject of this action took place between July 2013 and October 2015. Tamulski Decl., Ex. 4 (MOL dead freight invoice). Thus, each voyage was completed before the effective dates of the MOLUs upon which Plaintiffs rely. MOL does not allege in the SAC, nor argue in its Opposition, that the versions of MOLU-242 and MOLU-243 that were in effect before the versions reviewed by the Court included the same Law and Jurisdiction clause upon which they rely to assert SSL consented to the jurisdiction of "any competent court." *See* SAC; *see also* Opp'n. Nor does MOL provide copies of the version of MOLU-242 and MOLU-243 that were in effect prior to December 2015.

Plaintiffs also allege that "MOL's shipments were documented and carried pursuant to bills of lading, which forms include or incorporate by reference the terms and conditions attached hereto as Exhibit A." SAC ¶ 14 & Ex. A. Exhibit A to the SAC is an undated "Port to Port Bill of Lading" form with an MOL logo that contains the Law and Jurisdiction clause discussed above. *See* Ex. A § 28 (ECF p.10). Plaintiffs declare that "MOL, through its agent, issued sea waybills for each voyage where SSL's shipments were carried under the Service Contract. Sea waybills were issued for the 11 voyages" at issue in this action. Semsel Decl. ¶ 5, Dkt. No. 51-1; *id.*, Ex. C,

Dkt. No. 51-4 (MOL waybills issued for each SSL shipment carried under Service Contract that was short on its minimum cargo requirement).[2] Each MOL Waybill states: "This Waybill is not to be construed as a Bill of Lading or as any other similar document of title. . . ." *Id.*, Ex. C. The Waybills do not otherwise reference Bills of Lading; rather, they state, "Terms and Conditions of Waybill continued on the back hereof[.]" *Id.* Plaintiffs do not provide copies of the back of the Waybills. *See id.*

The text of Port to Port Bill of Lading that is attached to the SAC appears to be identical to the copy of MOLU-243 attached to Mr. Semsel's Declaration ("Bill of Lading"), whose effective date is December 21, 2015. Semsel Decl., Ex. D, Dkt. No. 51-5. Mr. Semsel declares the copy of MOLU-243 attached to his declaration is true and correct, but he makes no representation that the version of MOLU-243 that was in effect before December 2015 contains the same Law and Jurisdiction clause upon which MOL attempts to rely today. *See* Semsel Decl. ¶¶ 5-7.

Plaintiffs explain that MOL's terms of shipping, including MOLU-243, are published and that SSL accordingly had notice of them. *See* Opp'n at 2-4; *see also* Semsel Decl. ¶ 6. But Plaintiffs never allege, declare, or otherwise demonstrate that the terms that were published at the time SSL made the eleven voyages at issue in this action contained the Law and Jurisdiction clause upon which they rely.

Plaintiffs appear to argue that the terms of the 2015 versions of MOLU-242 and MOLU-243 retroactively apply to the voyages that predated the effective dates of these documents. Opp'n at 4 ("Because an amendment rescinds prior inconsistent terms, a contract amendment that changes a specific term of the contract supersedes that prior term."). The parties signed the last amendment to the Service Contract in June 2015 – almost six months before the effective dates of MOLU-242 and MOLU-243. SAC ¶ 13. The last amendment therefore does not incorporate by reference the December 2015 versions of those documents. To the extent Plaintiffs argue the

---

[2] The "bills of lading" referenced in the SAC are the waybills attached to Mr. Semsel's Declaration. *See* Opp'n at 3 (in addition to the terms of the Service Contract that governed the shipments, "MOL also issued sea waybills, a type of bill of lading, for SSL's shipments carried under the service contract.").

5

1  December 2015 versions were automatically incorporated into the Service Contract because the
2  Contract was in effect until December 31, 2015, SSL effectively distinguishes the authorities
3  Plaintiffs cite for the proposition that such an amendment would be applied retrospectively – and
4  would be applied retrospectively to voyages completed when the prior terms were in effect. *See*
5  Reply at 4-5.

Plaintiffs' sole argument for the existence of personal jurisdiction in this case is based on SSL's purported consent to the jurisdiction of "any court of competent jurisdiction" as set out in MOLU-243. As discussed above, MOL has been unable to allege or establish that the version of MOLU-243 that was in effect at the time SSL shipped the eleven cargo loads at issue in this action contained the same Law and Jurisdiction clause upon which Plaintiffs rely today. The Court accordingly GRANTS SSL's Motion to Dismiss. Because Plaintiffs have not established that this clause was in effect during the relevant time period, the Court need not decide the remaining arguments proffered.

## CONCLUSION

For the reasons stated above, the Court GRANTS SSL's Motion to Dismiss. Plaintiffs have been provided with an opportunity to cure the defects of their pleading, and have failed to do so. Plaintiffs' claims here are dismissed without leave to amend for lack of personal jurisdiction. Plaintiffs may be able pursue their claims against SSL elsewhere (for example, in New Jersey where SSL admits it is subject to personal jurisdiction), but they cannot do so here.

**IT IS SO ORDERED.**

Dated: March 5, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge