UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SWISS SHIPPING LINE S.A.L.,<br><br>    Defendant. | Case No. 17-cv-03394-MEJ<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 54 |

Plaintiffs move for leave to file a motion to reconsider this Court's order granting Defendant's motion to dismiss. *See* Mot., Dkt. No. 54; Order, Dkt. No. 53. Plaintiffs' proposed motion to reconsider "seeks only an amendment of the Order to transfer this action to the District of New Jersey, in lieu of dismissal." Mot. at 1.

First, while Plaintiffs acknowledge their motion for leave to move to reconsider is governed by Civil Local Rule 7-9, they make no effort to show that their motion meets that standard. *See* Civ. L.R. 7-9(b) ("The moving party must specifically show . . . one of the following. . . ."). The Court finds the Motion does not, and therefore denies it on that ground.

Second, the Court will not reconsider its order based on an argument Plaintiffs did not previously raise despite having full knowledge of the facts underpinning that argument for months.[1] Plaintiffs argue that "[u]nder clear Ninth Circuit authority interpreting nationwide jurisdiction under FRCP Rule 4(k)(2), it was not until the defendant identified New Jersey as an alternate jurisdiction that this Court had a basis to decline exercise of nationwide jurisdiction. . . . and given that [Plaintiffs] could not have known what state the defendant would select until it actually did so, the equitable response is to transfer this case to the U.S. District Court, District of

---

[1] Plaintiffs also argue the Court may amend its order of dismissal sua sponte. Mot. at 1 n.1.

New Jersey, rather than dismiss[ ] the action[.]" Mot. at 2. But Defendant acknowledged it was subject to personal jurisdiction in New Jersey in its reply in support of its motion to dismiss the amended complaint, which was filed in October 2017. *See* First Reply at 9-11, Dkt. No. 30. Plaintiff also did not argue for transfer when the Court ordered supplemental briefing "in light of Defendant's admission it is subject to personal jurisdiction in New Jersey." Order for Suppl. Br. at 1, Dkt. No. 33; Pl.'s Suppl. Br., Dkt. No. 34. Thereafter, when it moved to dismiss the second amended complaint, Defendant reminded Plaintiffs that they could have brought suit in New Jersey. *See* Second MTD at 4, Dkt. No. 42. Plaintiffs nevertheless did not raise the issue of transfer to New Jersey in their opposition to that motion, and requested only that the motion to dismiss be denied. *See* Second Opp'n, Dkt. No. 51. Plaintiffs cannot ask this Court to reconsider its decision not to transfer the action to New Jersey because they failed to raise it previously.

Third, Plaintiffs do not disclose that they filed suit against Defendant in New Jersey two days prior to filing the instant motion. *See* Opp'n to Mot. at 3, Dkt. No. 55; *Mitsui O.S.K. Lines, LTD & Mitsui O.S.K. Bulk Shipping (USA), LLC v. Swiss Shipping Line SAL*, 18-cv-3228 (D. N.J. filed March 6, 2018). Plaintiffs do not explain why the Court should transfer this case in light of the pending New Jersey action. The Court understands service upon Defendant was challenging, but it also found service had been successfully accomplished. *See* Am. First Order at 9-13, Dkt. No. 37. The undersigned hopes that the parties, all represented by able counsel, will heed the governing principles of Federal Rule of Civil Procedure 1 and cooperate to move the New Jersey case forward on its merits, and avoid the need for costly and extensive service efforts.

Plaintiffs' motion for leave to file a motion for reconsideration is DENIED. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: March 19, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge